U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

OCT 2 2 2015

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

| | |
|---|---|
| **JOHN WESTLEY (#110980)** | **DOCKET NO. 15-CV-1802; SEC. P** |
| **VERSUS** | **JUDGE DEE D. DRELL** |
| **DANIEL MARR, ET AL.** | **MAGISTRATE JUDGE KIRK** |

### REPORT AND RECOMMENDATION

Pro se Plaintiff John Westley, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983, on June 1, 2015. [Doc. #1] He was granted leave to proceed in forma pauperis on June 24, 2015. [Doc. #7] He filed an amended complaint in accordance with a court order on October 13, 2015. [Doc. #11] Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Winn Correctional Center (WNC) in Winnfield, Louisiana. Plaintiff claims that he was subjected to excessive force by Sgt. Howard. He names as defendants Howard, Daniel Marr, Keith Todd, Nicole Walker, Nurse Warren, and Nurse Smith.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff states that on September 22, 2013, he was allegedly engaged in a fight with another inmate. Sgt. Howard and other officers were called to Plaintiff's tier. Hhoward handcuffed Plaintiff, who asked Howard to loosen the handcuffs because they were tight. In response, Howard tightened the cuffs, put his arm

around Plaintiff's neck, lifted Plaintiff up off of the ground, and slammed Plaintiff to the concrete. Plaintiff claims that both Howard and Gibson punched him repeatedly while he was on the ground. Plaintiff claims that he likely suffered a concussion as the result of the attack.

Plaintiff received a disciplinary conviction for an unspecified offense and lost 60 days of good time credit. [Doc. #12]

### Law and Analysis

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding in forma pauperis, his complaint is also subject to screening under §1915(e)(2). Both §1915(e)(2)(B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

"Repetitious litigation of virtually identical causes of action is subject to dismissal ... as malicious." See Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)(per curiam). A

2

complaint is thus malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff" or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation. See Segue v. Carollo, 2015 WL 2089759 (E.D. La. 4/30/15), citing McGill v. Juanita Kraft Postal Serv., No. 3:03-CV-1113-K, 2003 WL 21355439, at * 1-2 (N.D. Tex. June 6, 2003) (Ramirez, M.J.) (quoting Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir.1989); Ellis v. American Express Life Ins. Co., 211 F.3d 935, 938 n.1 (5th Cir. 2000)), report & recommendation adopted, 2003 WL 21467745 (N.D. Tex. June 18, 2003) (Kinkeade, J.); accord Parker v. Fort Worth Police Dep't, 980 F.2d 1023, 1026 (5th Cir. 1993)).

Additionally, an in forma pauperis prisoner's civil rights suit is malicious as a matter of law and is subject to dismissal where the suit raises claims that are duplicative of a prior suit filed by the same prisoner in federal court. See Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993); 28 U.S.C. §1915(e)(2). Because this lawsuit by Plaintiff is duplicative, allowing it to proceed would be "redundant and an impermissible waste of judicial resources." See Moore v. U.S. Marshals Service, 2010 WL 1978938, citing Mayfield v. Collins, 918 F.2d 560, 561-62 (5th Cir. 1990).

Plaintiff previously filed a suit in this District Court on September 22, 2014, raising the same claims regarding the same incident on the same date. The suit was dismissed with prejudice

under 28 U.S.C. Section 1915(e)(2)(B) and 1915A. [1:14-cv-2781, Doc. #14] Plaintiff has been granted leave to appeal in forma pauperis. [1:14-cv-2781, Doc. #18] The appeal is currently pending in the United States Court of Appeals for the Fifth Circuit. This instant suit against Sgt. Howard is duplicative of Plaintiff's prior suit. To the extent he attempts to add new, additional defendants in this case, his claim is malicious because it arises out of a common nucleus of operative facts that could have been brought in the prior litigation.

*Conclusion*

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED** with prejudice as malicious pursuant to 28 U.S.C. §1915(e)(2)(b) and §1915A.

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be**

considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of October, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE